[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE # 101
This motion to strike is directed at count 3 of plaintiffs' 7 count complaint. Count 3 purports to allege an underinsured motorists claim.
On December 22, 1997, the plaintiffs[1] filed a seven-count complaint against the defendants Frank D. Karpicky, Christine M. Karpicky and ITT Hartford Insurance Co. (ITT Hartford). Essentially, the plaintiffs allege that the automobile in which they were traveling was rear-ended by an automobile driven by Frank Karpicky and owned by Christine Karpicky. In count three, Thomas J. McGrimley, Jr. (McGrimley) alleges that he is entitled to underinsured motorist benefits from his insurer, ITT Hartford, because the value of his claim against Frank Karpicky and Christine Karpicky is likely to exceed the limit of the Karpickys' insurance policy. McGrimley alleges that the Karpickys' available insurance policy "is likely to be exhausted, and therefore [is] inadequate to fully compensate the Plaintiff, Thomas J. McGrimley Jr. . . ." (Count 3, ¶ 17).
ITT Hartford now moves to strike count three of the complaint on the ground that count three admits that McGrimley has failed to exhaust the Karpicky's available liability coverage. This motion to strike [#101] is now before the court.
General Statutes § 38a-336 (b) provides:
"An insurance company shall be obligated to make payment CT Page 4166 to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements . . . ." (Emphasis added.)
While § 38a-336 (b) provides that the insurer is not obligated to make payment until all liability policies have been exhausted, it does not address the issue of whether a plaintiff can commence an action against his insurer for underinsured motorist benefits prior to exhaustion.
Our Supreme Court, however, has indeed stated that an insured may properly commence an action for underinsured motorist benefits prior to exhausting the liability limits of the tortfeasor's policy. Serrano v. Aetna Ins. Co., 233 Conn. 437,455, 664 A.2d 279 (1995). Moreover, in Stevens v. Aetna Life Casualty Co., 233 Conn. 460, 470 n. 14, 659 A.2d 707 (1995), the court stated:
 "[u]nder General Statutes § 38a-336 (b) . . . an insured may recover uninsured or underinsured motorist benefits only after exhausting the liability limits of the tortfeasor's policy . . . . [H]owever, an insured may commence an action for underinsured motorist benefits prior to exhausting the liability limits of the tortfeasor's policy." (Emphasis added).
ITT Hartford points out that Public Acts 1993, No. 93-77, § 2(e) was passed, in part, "to avoid the possibility of unnecessary litigation resulting from the filing of underinsured motorist claims prior to the exhaustion of the limits of the tortfeasor's policy. See 36 H.R. Proc., Pt. 8, 1993 Sess., p. 2759, remarks of Representative Dale W. Radcliffe; Conn. Joint Standing Committee Hearings, Judiciary, Pt. 2, 1993 Sess., pp. 543, 545-46, remarks of William F. Gallagher. . . ." Stevens v.Aetna Life Casualty Co., supra, 233 Conn. 470 n. 15. ITT Hartford argues, therefore, that Public Act 93-77 precludes a plaintiff from filing a claim for underinsured motorist benefits prior to the exhaustion of the tortfeasor's policy.[2]
However, rather than precluding a plaintiff from filing a claim for underinsured motorist benefits until the plaintiff has exhausted all policies, Public Act 93-77 § 2(e) simply set the outer limit for the latest an underinsured motorist claim CT Page 4167 could be filed by expanding the time in which a plaintiff had to file. The court is unaware of any Connecticut case supporting the proposition that the passage of [Public Act] 93-77 § 2 prohibits a plaintiff from commencing an action for underinsured motorist benefits prior to the exhaustion of the tortfeasor's policy. In fact, other Superior Court cases addressing this issue have followed the Supreme Court and held that a plaintiff could commence such an action. See Berger v. Lucker, Superior Court, judicial district of Waterbury, Docket No. 124176 (May 9, 1996, Vertefeuille, J.); DiRusso v. Wilt, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 470863 (17 CONN. L. RPTR. 147, May 6, 1996, Arena, J.). VanWartv. Anderson, Superior Court, judicial district of Litchfield, Docket No. 070936 (March 21, 1997, Dranginis, J.); Taylor v.Woltmann, Superior Court, judicial district of Danbury, Docket No. 324174 (December 4, 1996, Moraghan, J.).
Here, McGrimley has commenced an action seeking underinsured motorist benefits prior to the exhaustion of the alleged tortfeasor's available insurance. Neither the decisional law nor the statutory law of Connecticut precludes such a procedure. Indeed, the filing of such a claim has been approved. Consequently, count three as alleged is not legally insufficient.
Accordingly, ITT Hartford's motion to strike is hereby DENIED.
MELVILLE, J.